NEW YORK WATER SERVICE CORPORATION, Appellant-Respondent, v. NEWSTRAND REALTY CORP., Respondent-Appellant.

First Department, June 17, 1952.

*Louis Boehm* of counsel (*Herbert J. Lipp* with him on the brief; *Louis Boehm,* attorney), for appellant-respondent.

*Sylvan D. Freeman* of counsel (*Dreyer and Traub,* attorneys), for respondent-appellant.

*Per Curiam.* The learned Special Term correctly decided in its original decision of April 16, 1951, that defendant's (mortgagor's) right of prepayment survived and plaintiff's (mortgagee's) objection to the proposed prepayment of the mortgage in the summer of 1949 was not based on the absence of a proper notice. That latter objection was only belatedly urged after plaintiff's motion for summary judgment had been denied.

In any event we hold that under the terms of the reservation clause 10 in the modification agreement, the mortgagor's right of prepayment clearly survived and we also hold that the notice given was sufficient.

Plaintiff's motion to reargue should have been denied as it concededly was based, not on the facts originally submitted, but on additional facts admittedly known to plaintiff's attorneys but, for plaintiff's then contemplated benefit, deliberately omitted from plaintiff's original moving papers.

The order entered herein on May 22, 1951, should be reversed, with $10 costs and disbursements to defendant-appellant and plaintiff's motion should be denied. The order entered herein on June 21, 1951, should be modified on the appeal of defendant-appellant by granting summary judgment in favor of defendant dismissing the complaint, with costs to defendant and as so modified, the said order should be affirmed, with $10 costs and disbursements to defendant-appellant.

VAN VOORHIS, J. (concurring). Regardless of the survival of the prepayment clause, full payment of the principal obligation was accepted by plaintiff on August 12, 1949. The reservation that the principal was accepted " without prejudice " could not cause interest to run on an indebtedness that had been satisfied. The money was not placed in escrow, nor was it held by the debtor to keep good a tender that had been refused. The creditor received the money as its own, to be spent for any purpose that it might select, in extinguishment of the principal obligation. Interest cannot accrue on a debt that has been paid. The creditor was not obliged to accept payment, but if it did so then no form of words could keep the interest running. Plaintiff took the payment " without prejudice " to an obligation which *ipso facto* ceased to exist. No interest could accrue subsequent to that date under any circumstances.

The order entered herein on the 22d day of May, 1951, should accordingly be reversed.

PECK, P. J., DORE, COHN and HEFFERNAN, JJ., concur in *Per Curiam* opinion; VAN VOORHIS, J., concurs in reversal of the order entered May 22, 1951, in opinion.

Order entered May 22, 1951, reversed, with $10 costs and disbursements to defendant-appellant and plaintiff's motion denied. Order entered June 21, 1951, unanimously modified on the appeal of defendant-appellant by granting summary judgment in favor of defendant dismissing the complaint, with costs to defendant and, as so modified, affirmed, with $10 costs and disbursements to defendant-appellant. Settle orders on notice.